JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8231 PA (SKx) | Date | December 13, 2016 |
|---|---|---|---|
| Title | Tiffany Cudjoe v. Gold Star Mortgage Financial Group Corp. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**　　IN CHAMBERS — COURT ORDER

　　Before the Court is a Motion to Remand filed by plaintiff Tiffany Cudjoe ("Plaintiff") (Docket No. 17) and a Motion to Change Venue filed by defendant Gold Star Mortgage Financial Group Corporation ("Defendant") (Docket No. 18). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for December 19, 2016 is vacated, and the matters taken off calendar.

　　Plaintiff commenced this action in Los Angeles Superior Court on September 28, 2016. In her Complaint, Plaintiff alleges that she began working for Defendant on October 31, 2015, and continued working as a mortgage underwriter until she was terminated on June 14, 2016. Plaintiff claims that she was "not timely paid wages earned and her wage statements did not accurately reflect the inclusive dates of the pay period, gross wages eared, net wages earned, total hours worked, and all wage rates." (Compl. ¶ 10.) Plaintiff also alleges that she was required to take a "working lunch," eat at her desk, and remain on the premises for lunch. (Compl. ¶ 13.) In support of her allegations, the Complaint alleges:

> The wage statement corresponding with the check issued 1/29/2016
> provides an example of the failures to timely pay that are reflected
> on the face of the wage statements; it reflects a pay period of
> 12/31/15-1/13/16 and indicates wages were not paid for that period
> until sixteen (16) days after the close of the pay period. The time
> records reveal that Cudjoe was not timely paid wages throughout her
> employment. By way of specific example, Cudjoe's time records
> reveal that she worked 88.75 hours . . . (80 regular hours and 8.75
> OT hours) between April 16-30, 2016. Her wage statement
> purporting to be for that same period indicates she worked 96.75
> hours (80 regular hours and 16.75 OT hours). That number actually

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8231 PA (SKx) | Date | December 13, 2016 |
|---|---|---|---|
| Title | Tiffany Cudjoe v. Gold Star Mortgage Financial Group Corp. | | |

> corresponds with the time record information for April 1-15; Cudjoe was not paid for 88.75 hours until the 5/13/2016 wage statement (purporting to be for 5/1/2016-5/15/2016). As a general practice, Defendants did not pay wages to Cudjoe or other current and former employees within California within the time periods outlined under [California] Labor Code section 204.

(Compl. ¶ 11.) Plaintiff asserts seven claims brought pursuant to various provisions of the California Labor Code for: (1) failure to timely pay wages; (2) failure to provide meal breaks; (3) failure to pay meal break premium wages; (4) failure to pay overtime wages; (5) failure to pay wages upon termination; (6) failure to furnish accurate wage statements; and (7) failure to maintain accurate wage statements. The Complaint seeks recovery for Plaintiff's individual claims and pursuant to California's Private Attorney General Act ("PAGA"), Cal. Lab. Code § 2699(a) for the benefit of Defendant's other current and former employees working in California.

Defendant filed a Notice of Removal on November 4, 2016, alleging that it was served with the Complaint on October 5, 2016, and that the Court possesses diversity jurisdiction over the action. In support of its jurisdictional allegations, Defendant asserted that Plaintiff sent to Defendant an email on September 2, 2016 containing a settlement demand of $400,000. (See Notice of Removal ¶ 9.) The Notice of Removal specifically alleges: "Given Plaintiff's demand of $400,000, the amount in controversy is well above the $75,000 threshold for diversity jurisdiction." (Notice of Removal ¶ 10.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8231 PA (SKx) | Date | December 13, 2016 |
|---|---|---|---|
| Title | Tiffany Cudjoe v. Gold Star Mortgage Financial Group Corp. | | |

Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

In her Motion to Remand, Plaintiff contends that Defendant failed to meet its burden to establish that the amount in controversy exceeds the jurisdictional minimum. When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in plaintiff's favor on all of the claims in the complaint. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); see also Rippee v. Boston Mkt. Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The contents of the notice of removal and supplemental evidence provided after the removal petition has been filed may be considered to determine whether the defendant has adequately shown that the amount in controversy has been met. See Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 690 (9th Cir. 2006); Cohn v. Petsmart, Inc., 281 F. 3d 837, 840, 840 n.1 (9th Cir. 2002). A court may also "consider any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Valdez, 372 F.3d at 1117 (quoting Matheson, 319 F.3d at 1090).

According to Plaintiff's Motion to Remand, Plaintiff's $400,000 settlement demand sought to resolve both Plaintiff's individual claims and the PAGA claim. Contrary to the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8231 PA (SKx) | Date | December 13, 2016 |
|---|---|---|---|
| Title | Tiffany Cudjoe v. Gold Star Mortgage Financial Group Corp. | | |

allegations in the Notice of Removal, which suggested that Plaintiff sought more than the jurisdictional minimum, the settlement demand in fact valued Plaintiff's individual claim at "nearly $15,000." Specifically, the settlement demand stated:

> Goldstar's liability to Ms. Cudjoe alone is nearly $15,000, without determining the amount of wages she may have been denied. The potential exposure under PAGA for [California Labor Code sections] 204, 226, and 558 (meal period) violations is $660,000. This is substantial liability and each of the claims further subjects [Defendant] to attorneys' fees. I have discussed the issues with my client and she has authorized me to extend an initial demand of $400,000 in exchange for a full release and waiver of claims.

(Baysinger Decl. Ex. B.) The Ninth Circuit has concluded that the PAGA penalties recoverable on behalf of an employer's California employees cannot be aggregated to meet the jurisdictional threshold for diversity jurisdiction. See Urbino v. Orkin Services of Cal., Inc., 726 F.3d 1118, 1122 (9th Cir. 2013).

In its Opposition, Defendant for the first time attempts to quantify the value of Plaintiff's individual claims without reliance solely on the settlement demand. In support of its efforts to quantify Plaintiff's individual damages, Defendant did not include any "summary-judgment type evidence." Valdez, 372 F.3d at 1117. According to Defendant, Plaintiff's individual claim for unpaid overtime puts at least $79,916.76 at issue. Defendant's calculation of this amount relies on the Complaint's paragraph 53, which alleges:

> At all times throughout Cudjoe's employment with Defendants, Defendants failed to pay her for overtime hours worked beyond eight (8) in a workday or forty (40) in a workweek. Espinoza and the other current and former hourly non-exempt employees regularly worked in excess of eight hours per day, in excess of 40 hours per workweek, in excess of 6 days per workweek, and/or in excess of 12 hours per day.

(Compl. ¶ 53.) Specifically, Defendant asserts in its Opposition that, based on the allegations in her Complaint, Plaintiff "worked as much as 12 hours a day, seven days a week, for 31 weeks" at an hourly wage of $39.06. (Opp'n 7:2-3.) Defendant calculates the amount of Plaintiff's unpaid overtime claim as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8231 PA (SKx) | Date | December 13, 2016 |
|---|---|---|---|
| Title | Tiffany Cudjoe v. Gold Star Mortgage Financial Group Corp. | | |

>   (12 hours per work day) X (7 days worked per work week) = 84
>   hours per week worked; 84 - (40 hours at Plaintiff's regular rate) =
>   44 hours of overtime per week; 44 X 31 = 1,364 alleged overtime
>   hours.  Plaintiff's overtime rate is at least $58.59:  $36.06 X 1.5 =
>   58.59.  1,364 overtime hours X 58.59 = $79,916.76 alleged overtime
>   compensation due.

(Opp'n at 7 n.6.)  This calculation assumes that the Complaint's allegation of "regularly" means that Plaintiff worked 4 hours of overtime each day and worked 7 days each week she was employed by Defendant.  These assumptions, that Plaintiff worked 44 hours of overtime each week, are inconsistent with the specific allegations contained in paragraph 11 of the Complaint, in which Plaintiff states that she worked 8.75 hours of overtime from December 31, 2015 through January 13, 2016, and 16.75 hours of overtime from April 16, 2016 through April 30, 2016.[1]  Nor does Defendant provide any reason for assuming that "regularly" means 4 hours each day and 7 days each week.  This failure to provide any basis for Defendant's assumptions to support the amount of Plaintiff's overtime claim is particularly problematic when the allegation upon which Defendant relies references "Espinoza," an employee other than Plaintiff, and uses the conjunction "and/or," which does not necessarily imply that an employee worked more than 12 hours each day.  Particularly in light of Plaintiff's settlement demand that valued her individual claim at "nearly $15,000," the Court concludes that Defendant's unsupported assumptions about the value of Plaintiff's overtime claim fail to satisfy Defendant's burden to establish that the amount in controversy exceeds the jurisdictional minimum.

Defendant's Opposition also contends that Plaintiff's claims for unpaid meal periods places at least $7,330.88 in controversy, that her claim for failure to pay wages due upon termination is valued at $6,250, that her claims for failure to furnish and maintain wage statements places $3,300 in controversy, and the value of the claim for failure to timely pay wages is at least $3,100.  Although Plaintiff disputes Defendant's calculations of these amounts, even if Defendant's assumptions concerning these claims are accurate, the value of these claims is approximately $19,980.  Even if the Court were to assume that Plaintiff's unpaid overtime claim has a value equal to the combined value of Plaintiff's other claims, such an amount in controversy would still not satisfy the requirements for diversity jurisdiction.

Defendant attempts to satisfy the amount in controversy by adding the attorneys' fees that Plaintiff might recover to the value of her individual claims.  Decisions from within the Ninth

---

[1]   The settlement demand also states that Plaintiff worked just 0.25 hours of overtime from November 16, 2015 through November 30, 2016.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8231 PA (SKx) | Date | December 13, 2016 |
|---|---|---|---|
| Title | Tiffany Cudjoe v. Gold Star Mortgage Financial Group Corp. | | |

Circuit recognize a split of authority as to whether anticipated attorneys' fees are to be considered for purposes of determining the amount in controversy. See Reames v. AB Car Rental Servs., 899 F. Supp. 2d 1012, 1020 (D. Or. 2012) ("It appears that a nascent consensus may be emerging among the district courts of the Ninth Circuit that the split between the Conrad/Faulkner and the Simmons/Brady lines of cases may best be resolved by adoption of the Conrad/Faulkner reasoning that attorney fees anticipated but unaccrued at the time of removal are not properly in controversy for jurisdictional purposes."); Kidner v. P.F. Chang's China Bistro, Inc., No. EDCV 15–287 JGB (KKx), 2015 WL 2453523, at *5-*6 (C.D. Cal. May 21, 2015) (adopting reasoning in Reames); Gomez v. CarMax Auto Superstores California, LLC, No. 2:14–cv–09019 CAS (PLAx), 2015 WL 1967078, at *2 (C.D. Cal. Apr. 30, 2015) (same). The Court therefore concludes that Defendant's reliance on anticipated attorneys' fees does not satisfy its burden to show that the amount in controversy exceeds the jurisdictional minimum. Moreover, because Defendant offers no evidence of Plaintiff's pre-removal attorneys' fees, the Court has no basis to find that the amount in controversy exceeds $75,000.

For the foregoing reasons, the Court finds Defendant failed to meet its burden of demonstrating that the amount in controversy attributable to Plaintiff's individual claims in this case exceeds $75,000, and the PAGA penalties for the remaining employees cannot be aggregated to satisfy the jurisdictional minimum. As a result, Defendant has failed to establish that the Court may properly exercise diversity jurisdiction over this matter. See 28 U.S.C. § 1332. Accordingly, Plaintiff's Motion to Remand is granted and this action is remanded to the Los Angeles Superior Court, Case No. EC065600, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). The Court declines to award fees to Plaintiff caused by Defendant's filing of the Notice of Removal in this instance because the filing of the Notice of Removal was not objectively unreasonable. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."). The Court denies Defendant's Motion to Change Venue as moot.

IT IS SO ORDERED.